UNITED STATES DISTRICT COURT for the
Southern District of New York

| | | |
|---|---|---|
| HASSAN CRAWFORD | * | **COMPLAINT** |
| | * | |
| Plaintiff, | * | **PLAINTIFF DEMANDS TRIAL JURY** |
| vs. | * | |
| | * | |
| ALLIED INTERSTATE, | * | |
| | * | |
| NORMAN MERRITT, | * | |
| | * | |
| Defendant. | * | |



Case Number:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE NEW YORK CONSUMER COLLECTION PRACTICES ACT, THE NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, ALLIED INTERSTATE, NORMAN MERRITT, and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the New York Consumer Collection Practices Act (§ 601(hereafter "NYCCPA")), and the New York Deceptive and Unfair Trade Practices General Business Law et. seq. § 349-350(hereafter "UDAP")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within Osceola and Orange Counties in the State of Florida, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within New York County, in New York.
6. The Defendant Collection Agency, Inc. is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The Defendant(s), NORMAN MERRITT, is an employee of the Defendant(s) ALLIED INTERSTATE and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on behalf of both ALLIED INTERSTATE, and NORMAN MERRITT.
8. The Defendant(s) NORMAN MERRITT is the ceo/president for ALLIED INTERSTATE during the period inclusive of Fall 2011 to present.
9. The Defendant(s) NORMAN MERRITT is an employee of ALLIED INTERSTATE during the period extending from September 2011 present, and acted as the duly authorized agent(s) for their employer(s).
10. All Defendants are considered a "person", under Black's Law Dictionary's definition of "person".

FACTS

11. Plaintiff obtained credit report on and around October 2011.

12. Plaintiff received a letter from defendant(s) on and around, April 13, 2012. Plaintiff responded with a validation letter on April 14, 2012 and received no response. Plaintiff sent second validation letter on October 24, 2012.

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

13. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

14. The defendant(s) ALLIED INTERSTATE, NORMAN MERRITT are debt collectors, as defined by 15 U.S.C. § 1692a(6).

15. The defendant(s) ALLIED INTERSTATE, NORMAN MERRITT violated the FDCPA by:

16. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt

17. Violations of § 1692e (☺ communicating information which is known to be false

18. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

19. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

20. ALLIED INTERSTATE, NORMAN MERRITT regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

21. ALLIED INTERSTATE, NORMAN MERRITT did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

22. ALLIED INTERSTATE, NORMAN MERRITT failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

23. ALLIED INTERSTATE, NORMAN MERRITT failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after

the Plaintiff's notice of dispute was received at the offices of ALLIED INTERSTATE.

24. ALLIED INTERSTATE, NORMAN MERRITT failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

25. ALLIED INTERSTATE, NORMAN MERRITT failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

26. ALLIED INTERSTATE, NORMAN MERRITT in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of ALLIED INTERSTATE, NORMAN MERRITT.

COUNT 3- VIOLATIONS OF THE NEW YORK
CONSUMER COLLECTION PRACTICES ACT

27. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

28. ALLIED INTERSTATE, NORMAN MERRITT violated New York Statute §601 by disclosing to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.

29. ALLIED INTERSTATE, NORMAN MERRITT violated New York Statute §601, by disclosing to Equifax information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

30. The Defendants Lisa Majors, and Mona Donald, violated New York Statute §601, by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

31. The Defendant(s) ALLIED INTERSTATE, NORMAN MERRITT, violated New York Statute §601, as evidenced by the fact that ALLIED INTERSTATE, NORMAN MERRITT, while acting as authorized agents for their employers, each disclosed information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

32. ALLIED INTERSTATE, NORMAN MERRITT failed to enact reasonable rules, policies,

procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.

33. The Defendants each separately and individually violated New York Statute §601by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

34. The Defendants each separately and individually violated New York Statute §601 by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

COUNT 4- VIOLATIONS OF THE NEW YORK DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT

35. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

36. The actions stated herein and carried out by the defendants were violations of New York State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by General Business Law §§ 349-350-f.

37. Unfair and/or deceptive trade practices are a violation of the New York Deceptive and Unfair Trade Practices Act pursuant to General Business Law §§ 349-350-f.

COUNT 5- INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

38. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

39. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

40. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

REQUESTED RELIEF
WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the New York Consumer Collection Practices Act, and the New York Deceptive and Unfair Trade Practices Act.

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(C) For an order awarding actual damages in the following amount:

1. Against ALLIED INTERSTATE, in the amount of $200.

2. Against NORMAN MERRITT, in the amount of $200.

(D) For an order awarding statutory damages in the following amounts:

1. Against ALLIED INTERSTATE, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the New York Consumer Collection Practices Act, in the amount of $1,000.

2. Against NORMAN MERRITT, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Fair Credit Reporting Act in the amount of $4,000; New York Consumer Collection Practices Act, in the amount of $1,000..

(E) For an order awarding punitive damages as follows:

1. Against ALLIED INTERSTATE, in the amount of $15,000.

2. Against NORMAN MERRITT, in the amount of $15,000.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

ALL RIGHTS & LIBERTIES RESERVED
By: Hassan Crawford DBA HASSAN CRAWFORD

GENERAL DELIVERY
NEW YORK, NY 10001
(914) 356-8647

DATE: October 26, 2012

Date: October 26, 2012

HASSAN CRAWFORD
GENERAL DELIVERY
NEW YORK, NY 10001

ALLIED INTERSTATE
3000 Corporate Exchange Drive
Columbus, OH 43231

Re: Acct # XXXX-XXXX-XXXX-XXXX

To Whom It May Concern:

I am sending this letter to you in response to an item that I discovered from you on and around October 2011. Be advised, this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.
This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you.
Please provide me with the following:

- What the money you say I owe is for;
- Explain and show me how you calculated what you say I owe;
- Provide me with copies of any papers that show I agreed to pay what you say I owe;
- Provide a verification or copy of any judgment if applicable;
- Identify the original creditor;
- Prove the Statute of Limitations has not expired on this account;
- Show me that you are licensed to collect in my state; and
- Provide me with your license numbers and Registered Agent.

If your offices have reported invalidated information to any of the three major Credit Bureau's (Equifax, Experian or TransUnion), said action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

- Violation of the Fair Credit Reporting Act
- Violation of the Fair Debt Collection Practices Act
- Defamation of Character

If your offices are able to provide the proper documentation as requested, during such time all collection activity must cease and desist.
Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel. This includes any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.
If your offices fail to respond to this validation request, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately. I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls or correspondence sent to any third parties, it will be considered harassment. All future communications with me MUST be by email only and sent to the email address noted in this letter. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

By: *Hassan Crawford DBA HASSAN CRAWFORD*   *(hacrawford98@gmail.com)*
ALL RIGHTS AND LIBERTIES RESERVED